**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **ANTOINE EPPS and EDUARDO GONZALES, on Behalf of Themselves and on Behalf of All Others Similarly Situated,** § § § § | **CIVIL ACTION NO. _____** | |
| **Plaintiffs,** § § | | |
| **V.** § § | | |
| **GREAT WHITE PRESSURE CONTROL, LLC,** § § § § | **JURY TRIAL DEMANDED** | |
| **Defendant.** § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT
COLLECTIVE ACTION & JURY DEMAND**

### I.  SUMMARY

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2. Plaintiffs Antoine Epps and Eduardo Gonzales and the employees they seek to represent ("Class Members") are current and former hourly paid manual laborers of Defendant Great White Pressure Control LCC ("Defendant") between December 21, 2009 and the time notice is issued. Defendant knowingly and deliberately failed to compensate Plaintiff and Class Members for their overtime hours based on the time and half formula in the FLSA.

3. Defendant violated the FLSA through two principle mechanisms:

   a. First it paid straight time for certain hours worked in excess of forty (40) in a week. This violation is evident on the face of the pay stubs, samples of which are attached here to as Exhibits C.

   b. Second, when it did pay overtime, it excluded a number of nondiscretionary bonuses from its employees' regular rates thereby deflating the amount to which the time and a half multiplier was applied.

4. Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiffs and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

5. Plaintiffs seek to recover, on behalf of themselves and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

6. Plaintiffs also pray that the class of similarly situated manual labor workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II. SUBJECT MATTER JURISDICTION AND VENUE

7. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events and omissions giving rise to this claim occurred in this District, including many of the wrongs herein alleged. Defendant does business in this District and some of the violations took place while Plaintiffs worked in this District.

## III. PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Antoine Epps is an individual currently residing in Marion County, Texas. His written consent to this action is attached hereto as Exhibit "A."

10. Plaintiff Eduardo Gonzales is an individual currently residing in Smith County, Texas. His written consent to this action is attached hereto as Exhibit "B."

11. The Class Members are all manual laborers employed by Defendant from December 21, 2009 to the time notice is issued who worked more than 40 hours in at least one workweek.

12. Defendant Great White Pressure Control LLC is a limited liability company organized under the laws of Oklahoma that does business in Texas. Defendant may be served process through its registered agent Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

13. This court has personal jurisdiction over Defendant because it has purposefully availed itself of the privileges of conducting business activities in the state of Texas. Defendant has established minimum contacts sufficient to confer jurisdiction over it, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. As such, the exercise of personal jurisdiction over Defendant is consistent with the constitutional requirements of due process.

14. Defendant operates multiple offices in Texas.

15. Defendant employs Texas citizens in numerous capacities.

16. Defendant advertises in Texas.

17. Defendant provides services across Texas.

18. This cause of action arises directly from and is related to the contacts of Defendant with Texas, specifically Defendant's employment of Texas citizens and its subsequent failure to pay those citizens in accordance with the strictures of the FLSA.

### IV. FLSA COVERAGE

19. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

20. At all material times, Defendant has been an enterprise in commerce within the meaning of the FLSA. 29 U.S.C. § 203(r).

21. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

22. Defendant enjoys an annual gross business volume in excess of $500,000 and has likewise done so in the three years prior to the filing of this complaint.

23. At all material times, Plaintiffs were employees engaged in commerce or in the production of goods for commerce as required by the FLSA. 29 U.S.C. §§ 206-207.

### V. FACTS

24. Defendant Great White Pressure Control, LLC provides numerous oil field well services, including snubbing, coiled tubing, valve drilling, hot tapping, freezing, well control, pumping and engineering. Defendant offers these services to oil field operators across the country.

25. Plaintiffs and Class Members are employed by Defendant as manual laborers who perform services in the categories identified in the preceding paragraph.

26. Defendant dispatches pump operators and other manual laborers to its customers' oil fields. Due to the distance of the oil fields from the pump operators' homes, Defendant provides hotel rooms nearby the work site. While on assignment, because of the possibility of labor intensive contingencies on the work site, even when pump operators are nominally not on shift, they are required to remain in their hotel rooms and await a summons for duty. In order to ensure that pump operators stay at the hotel, Defendant forbids them from bringing personal vehicles on job assignments.

27. Typically, Defendant dispatches two five man crews of pump operators to a work site. These crews alternate twelve hours shifts on the work site.

28. Defendant pays its pump operators an hourly rate for time spent on the oil field and time spent on standby awaiting further direction.

29. Defendant pays its pump operators overtime at a rate of one and one half times their hourly rate only for time in excess of forty (40) hours per week on the work site.

30. Defendant does not pay overtime compensation for time worked outside of the designated worksite. Defendant acknowledges such time is compensable time because it pays employees their regular rate of pay for such hours worked.

31. Additionally, Defendant pays manual laborers at the drill sites a bonus for completion of each job.

32. This bonus is non-discretionary.

33. The bonus is intended to compensate the workers for working more efficiently and quickly.

34. When Defendant calculates the amount of overtime a manual laborer such as a pump operator is owed, it only multiplies the regular hourly rate for time spent on the job site by one and one half. It fails to include the bonus amount in the pump operator's regular rate.

35. Pursuant to 29 C.F.R. § 778.209, these non-discretionary bonuses should have been included in the pump operators' regular rate of pay before the overtime multiplier was applied.

36. The bonus money constitutes a significant portion of a pump operator's compensation, often as much as $2,000 per bi-weekly pay period. By not including this sum in its employees' regular rates of pay, Defendant artificially deflated their true regular rate and thereby paid substantially less overtime than required by the law.

## VI. COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant as pump operators within the three (3) years preceding the filing of this complaint to the present.

38. Plaintiffs have actual knowledge, through conversations with their co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendant's policy of (a) not paying the overtime rate for all hours worked and (b) excluding the bonuses form the overtime calculation.

39. Class Members are similarly situated to Plaintiffs in that they all performed manual labor, were paid hourly and were victims of the same violations of the FLSA.

40. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

41. The experience of Plaintiffs, with respect to his employment classification and pay, is typical of hourly paid manual laborers across Defendant's business.

42. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

43. Like Plaintiffs, all Class Members are entitled to receive overtime.

44. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

45. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

46. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simply formula.

47. Between December 21, 2009 and December 21, 2012, Defendant has employed at least twenty-five (25) hourly paid manual laborers.

48. Between December 21, 2009 and December 21, 2012, Defendant has employed at least twenty-five (50) hourly paid manual laborers.

49. Between December 21, 2009 and December 21, 2012, Defendant has employed at least twenty-five (100) hourly paid manual laborers.

50. Between December 21, 2009 and December 21, 2012, Defendant has employed at least twenty-five (150) hourly paid manual laborers.

51. Between December 21, 2009 and December 21, 2012, Defendant has employed at least twenty-five (200) hourly paid manual laborers.

52. Between December 21, 2009 and December 21, 2012, Defendant has employed at least twenty-five (250) hourly paid manual laborers.

53. As such, the class of similarly situated employees is properly defined as follows:

**All of Defendant's current and former hourly paid manual laborers between December 21, 2009 and the date notice is issued.**

## VII. CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

54. Plaintiffs incorporate the preceding paragraphs by reference.

55. This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiffs and Class Members overtime based on FLSA's time-and-a-half formula.

56. For each hour worked in excess of forty (40) each week, Plaintiffs and Class Members were entitled to be paid one and one-half times their regular rate of pay. 29 U.S.C. § 207.

57. By failing to pay overtime based on that formula, Defendant violated and continues to violate the FLSA.

58. No exception contained in the FLSA, its implementing regulations, or recognized by any Court of the United States permits an employer in the position of Defendant to skirt its obligation to pay overtime to an employee situated in the position of Plaintiffs and Class Members.

59. Defendant's failure to pay overtime to Plaintiffs and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## VIII. WAGE DAMAGES SOUGHT

60. Plaintiffs and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present. 29 U.S.C. § 216(b).

61. Plaintiffs and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages. 29 U.S.C. § 216(b).

62. Plaintiffs are also entitled to recover their attorney's fees and costs, as required by the FLSA. 29 U.S.C. § 216(b).

## IX. JURY DEMAND

63. Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiffs hereby demand trial by jury.

## X. PRAYER FOR RELIEF

64. For these reasons, Plaintiffs respectfully request that judgment be entered in favor of themselves and the Class Members awarding them:

   a. Overtime compensation for all hour worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

d. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Galvin B. Kennedy
　　Galvin B. Kennedy
　　gkennedy@kennedyhodges.com
　　State Bar No. 00796870
　　Federal Bar No. 20791
　　711 W. Alabama St.
　　Houston, TX 77006
　　Telephone: (713) 523-0001
　　Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFFS AND CLASS MEMBERS

OF COUNSEL:
Beatriz Sosa-Morris
State Bar No. 24076154
Federal Bar No. 1552137
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile: 713-523-1116
Bsosamorris@kennedyhodges.com